UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                CASE NO. 8:94-CR-149-T-17

CARL HOWARD HOWELL.

_____/

ORDER

This cause is before the Court on the letter of the Bureau of Prisons dated April 11, 2011 (attached), which is directed to the Honorable H. Dale Cook, United States District Judge. Case No. 8:94-CR-149-T-17, U.S. v. Carl Howard Howell was assigned to the undersigned. Judge Cook presided over the jury trial of the charges in the Superseding Indictment (Dkt. 27) on 11/29/1994 and 11/30/1994 (Dkts. 31, 32) as a visiting judge, and sentenced Defendant Howell on 3/24/1995 (Dkts. 42, 43) on Counts I and II. Judge Cook is now deceased.

Count I of the Superseding Indictment charges Defendant Howell with Armed Bank Robbery, 18 U.S.C. Sec. 2113(a)(d) and 18 U.S.C. Sec. 2, for which Defendant Howell was sentenced to ninety months of incarceration. Count II of the Superseding Indictment charges Defendant Howell with Use of a Firearm in a Crime of Violence, 18 U.S.C. Sec. 924(c), for which Defendant Howell was sentenced to sixty months of incarceration, consecutive to the term of incarceration for Count I. Defendant Howell was further sentenced to a three year term of supervised release for Count I and Count II, to run concurrent, and ordered to make restitution of $4,498.00 to Barnett Bank Security Services.

Case No. 8:94-CR-149-T-17

After sentencing, Defendant Howell was returned to state authorities in Florida, and the U.S. District Court Judgment was filed as a detainer. The Bureau of Prisons notes that, on April 4, 1995, Defendant Howell was sentenced in Florida to an 8 year and 6 month term of confinement for Sell/Purchase of Cocaine and Heroin Within 1000 Feet of a School Zone, Robbery with Gun/Deadly Weapon and Aggravated Battery with a Deadly Weapon. On October 20, 1997, Defendant Howell was sentenced in Florida to a 2 year term of confinement for Arson Willful Damages of a Dwelling. Defendant Howell satisfied his state obligation on May 1, 2004, and was released to the federal detainer on that date to commence the service of Defendant's federal sentence as provided by 18 U.S.C. Sec. 3585(a).

Defendant Howell has requested that the Bureau of Prisons designate the state institution for service of his federal sentence, which would reduce the total amount of time spent in custody. The Bureau of Prisons will make a retroactive designation after review of the relevant factors under 18 U.S.C. Sec. 3621(b).

The Bureau of Prisons has offered the Court the opportunity to state its position with respect to the retroactive designation. The Court's position is not binding on the Bureau of Prisons.

If the designation is granted, the Bureau of Prisons will commence sentence of the above judgment on the date of imposition, which will result in an immediate release of Defendant Howell. If the Bureau of Prisons denies the request for retroactive designation, Defendant Howell will continue to a

Case No. 8:94-CR-149-T-17

projected release date of September 14, 2005.

I. Discussion

The Bureau of Prisons has exclusive authority to determine whether a defendant should receive credit for time spent in custody before the commencement of a federal sentence. See United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005); Galloway v. Fisher, 2008 WL 4057803 (N.D. Fla. 2008). The district court may appropriately make recommendations to the Bureau of Prisons of the type requested by the Bureau's letter of 4/11/2011. See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Pineyro, 112 F.3d 43, 45-46 (2d. Cir. 1997).

After consideration, the Court declines to make a recommendation to the Bureau of Prisons in response to the letter of 4/11/2011. Accordingly, it is

**ORDERED** that no recommendation is made to the Bureau of Prisons concerning retroactive designation of the state facility for service of Defendant Howell's sentence. The Court makes no determination when service of Defendant Howell's sentence began and what credit is due to Defendant Howell on that sentence.

Case No. 8:94-CR-149-T-17

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 2nd day of May, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
U.S. Attorney
Federal Public Defender
Carl Howard Howell

Jose A. Santana, Chief
Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051



**U.S. Department of Justice**
Federal Bureau of Prisons

Designation and Sentence Computation Center

---

U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

April 11, 2011

The Honorable H. Dale Cook
Judge of the U.S. District Court
  for the Middle District of Florida
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602

**RE:   HOWELL, Carl Howard**
       Register Number: 18301-018
       Criminal Docket No.: 94-149-Cr-T-17(A)

Dear Judge Cook:

    On March 23, 1995, Carl Howell was sentenced by the Court to a 150 month term of confinement for Armed Bank Robbery and Use of a Firearm in a Crime of Violence.  At the time the federal sentence was imposed, Mr. Howell was under the primary jurisdiction of state authorities in Florida, and in federal custody pursuant to a Writ.  The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action in the state of Florida.  Following sentencing, Mr. Howell was appropriately returned to state authorities in Florida and the U.S. District Court Judgment was filed as a detainer.

    On April 4, 1995, Mr. Howell was sentenced in Florida to an 8 year and 6 month term of confinement for Sell/Purchase of Cocaine and Heroin Within 1000 Feet of a School Zone, Robbery with Gun/Deadly Weapon and Aggravated Battery with a Deadly Weapon.  On October 20, 1997, Mr. Howell was sentenced in Florida to a 2 year term of confinement for Arson Willful Damage of a Dwelling.  Mr. Howell satisfied his state obligation on May 1, 2004, and was released to the federal detainer on that date to commence the service of his federal sentence as provided by Title 18 U.S.C. § 3585(a).

    Mr. Howell now requests that the Bureau of Prisons (Bureau) designate the state institution for service of his federal

sentence, thereby reducing the total amount of time spent in custody. Such a retroactive designation is made only after the review of all relevant factors under Title 18 U.S.C. § 3621(b).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the Sentencing Court. It is the Bureau's preference that the federal sentencing court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.

Should the designation be granted, the Bureau will commence the sentence in the above judgment on the date of imposition, which will result in an immediate release of Mr. Howell. Should the Bureau deny the request, he will continue to a current projected release date of September 14, 2015. If the Bureau makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's stated position, the Court will be notified accordingly.

Should additional information be necessary, please contact Luis A. Cabrera, Operations Manager, at 972-352-4487.

Sincerely,

Jose A. Santana
Chief

arr
cc: Jack E. Fernandez, Jr., AUSA
    J. Michelle Remon, USPO